UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NANCY IPOX, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>EHC FINANCIAL SERVICES, LLC., a Washington Limited Liability Corporation,<br><br>Defendant. | CASE NO. C07-5606RJB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL, DEFENDANT'S MOTION FOR PROTECTIVE ORDER, AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND ATTORNEYS' FEES |

This matter comes before the Court on Defendant's Motion to Compel (Dkt. 38), Defendant's Motion for Protective Order (Dkt. 40), and Plaintiff's Motion for Protective Order and Attorneys' Fees (Dkt. 42). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The facts, according to the amended complaint, are as follows: Plaintiff Nancy Ipox is a former employee of Defendant EHC Financial Services, LLC ("EHC"). Ms. Ipox was first employed in EHC's Vancouver, Washington office in October of 2005 on a part time basis. In March of 2006, Ms. Ipox began working full time as an accounts payable clerk. In December of 2006, Ms. Ipox was promoted. In March of 2007, Ms. Ipox requested leave to undergo back surgery. On March 30, 2007, EHC formally approved Ms. Ipox's leave request; her leave was to

ORDER - 1

commence on April 27, 2007, and end on July 1, 2007. Approximately two weeks before Ms. Ipox's leave commenced, Tabura Jones, Ms. Ipox's direct supervisor, hired a temporary employee to work during Ms. Ipox's absence.

While on leave, Ms. Ipox's physician informed Ms. Ipox that she could return to work on a half time basis beginning June 18, 2007. On May 31, 2007, Ms. Ipox notified Ms. Jones that she would be able to return to work early. On June 12, 2007, Ms. Ipox was informed that her employment was being terminated. When Ms. Ipox went to EHC on June 15, 2007, Ms. Ipox was told that her position had been eliminated.

Ms. Ipox brings claims for violation of the FMLA and wrongful discharge in violation of public policy. Dkt. 6.

## II. DISCUSSION

Defendant EHC Financial Services, LLC ("EHC") moves for an order compelling Plaintiff to specifically identify Plaintiff's mental healthcare providers and to describe her emotional distress damages with particularity, or, in the alternative, to strike any allegations or claims for emotional distress damages. Dkt. 38. Both parties have moved for entry of a protective order to protect Ms. Ipox's medical records. Dkt. 4; Dkt. 42. EHC further seeks to protect private information of EHC's employees who are not parties to this matter. Dkt. 40.

### A. EFFORTS TO CONFER

As a threshold matter, the parties dispute whether they have engaged in a good faith effort to confer. A motion to compel or for a protective order must certify that the parties have made a good faith effort to confer and resolve the dispute themselves. Fed. R. Civ. P. 37(a)(1); Fed. R. Civ. P. 26(c)(1). A good faith effort to confer "requires a face-to-face meeting or a telephone conference." Local Rule CR 37(a)(2)(A).

According to EHC, the parties conferred by telephone on matters raised in EHC's motions to compel and for a protective order. Dkt. 39 at 1; Dkt. 41 at 1. Ms. Ipox's counsel contends that counsel for the parties have not met and conferred regarding matters raised in the motions. Dkt. 46 at 2; Dkt. 44 at 2. In addition, while Ms. Ipox's counsel cites attempts to confer via

correspondence, such attempts do not qualify as good faith efforts to confer under Local Rule CR 37(a)(2)(A). Nevertheless, in the interest of resolving this discovery dispute and allowing the parties to proceed with discovery, the Court will address the substance of the motions.

**B.      DEFENDANT'S MOTION TO COMPEL**

Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Discovery must be limited if the Court determines that the discovery sought is unreasonably cumulative or duplicative or is obtainable from a more convenient, less burdensome, or less expensive source; that the seeking party has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery request outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). If a party fails to answer an interrogatory or a request for production or objects, the requesting party may move to compel disclosure pursuant to Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37(a)(3)(B).

EHC seeks to compel responses to the following interrogatories:

> INTERROGATORY NO. 3: Explain how and in what amount Ipox, as a result of EHC's alleged conduct, has incurred and will continue to incur expenses for medical and/or mental health treatment and medication. Include in your answer an explanation as to how Ipox has determined the amount of her expenses for treatment and medication.
> INTERROGATORY NO. 4: Identify all medical and mental health professionals or other individuals and entities who treated Ipox, from June 12, 1997 to present.
> INTERROGATORY NO. 5: Describe the mental distress EHC caused Ipox to suffer.
> INTERROGATORY NO. 6: Describe Ipox's mental health treatments, medications, therapies, and counseling, and the conditions, from June 12, 1997 to present.

Dkt. 38 at 2-3.

In her responses to these interrogatories, Ms. Ipox identified several medical professionals, objected on the grounds that her "medical conditions may be covered by a protective order," and agreed to supplement her responses "as additional information concerning Plaintiff's medical conditions is obtained." Dkt. 39-4, Exh. 3 at 5-9.

Ms. Ipox contends that the documents EHC seeks are privileged and that Ms. Ipox has not waived the privilege by virtue of her claims in this matter. Dkt. 45 at 5-6. The Supreme Court has held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). As with other privileges, this psychotherapist-patient privilege may be waived by the patient. *Id.* at 15 n.14.

To determine whether the psychotherapist-patient privilege has been waived by a plaintiff seeking damages for emotional distress, other courts in this district have adopted the reasoning in *Fitzgerald v. Cassil*, 216 F.R.D. 632, 639 (N.D.Cal. 2003). *Uzzell v. Teletech Holdings, Inc.*, 2007 WL 4358315, at *2 (W.D.Wash. Dec. 7, 2007); *Sims v. Lakeside School*, 2007 WL 5417731, at *1 (W.D.Wash. March 15, 2007). In *Fitzgerald*, the court found no waiver of the psychotherapist-patient privilege where the plaintiffs stipulated that they would not "affirmatively rely on any treating psychotherapist or other expert to prove the emotional distress damages," the plaintiffs did not assert a cause of action for intentional or negligent infliction of emotional distress, and the plaintiffs did not allege "a specific psychiatric injury or disorder or unusually severe emotional distress extraordinary in light of the allegations." *Fitzgerald*, 216 F.R.D. at 639.

In this case, Ms. Ipox seeks damages for emotional distress. Dkt. 6 at 6. It is unclear whether Ms. Ipox alleges specific or severe psychiatric injuries or disorders and whether Ms. Ipox will rely on medical records or expert testimony to support her request for emotional distress damages. There are sundry reasons why Ms. Ipox may elect not to rely on such evidence. By asserting that she has suffered emotional distress damages, however, Ms. Ipox has put her mental health at issue in this case. Therefore, EHC is entitled to explore the basis for Ms. Ipox's claimed emotional distress damages, if any. The Court should therefore grant EHC's motion to compel.

Ms. Ipox also contends that the scope of the requested discovery is too broad and that she should not be required to produce medical records created in the past ten years and should only be required to produce medical records created during, or after, her employment with EHC. Dkt. 45 at 6. EHC contends that "Plaintiff's mental health information dating back to 1997 is relevant because it may identify causes, other than EHC, for Plaintiff's alleged emotional distress." Dkt. 38 at 8. This is a proper inquiry, and Ms. Ipox has failed to demonstrate that the request is unduly burdensome.

Ms. Ipox is the master of her complaint. It is within her power to preserve the psychotherapist-patient privilege by asserting no claims or damages for emotional distress. Instead, Ms. Ipox seeks emotional distress damages and has put her mental health at issue and made her mental health records subject to discovery. If Ms. Ipox prefers to keep her mental health a private matter, she may withdraw her request for emotional damages.

Finally, Ms. Ipox opposes the motion on the grounds that she should be afforded the opportunity to produce her medical records under a protective order. Dkt. 45. Accordingly, Ms. Ipox has moved for the entry of a protective order, and that motion is addressed below. Dkt. 42.

## C. MOTIONS FOR PROTECTIVE ORDER

Protective orders are governed by Federal Rule of Civil Procedure 26(c), which provides in part as follows:

> In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c)(1).

Counsel for both parties apparently agree that Ms. Ipox's medical files should be protected. The Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d *et seq.* restricts disclosure of protected health care information. Regulations authorized by HIPAA permit disclosure of protected health information in judicial proceedings in response to

ORDER - 5

subpoenas or discovery requests if the party seeking the information provides satisfactory assurance that it has made reasonable efforts to secure a protective order that both prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation and requires the return or destruction of the protected health information at the end of the litigation or proceeding. 45 C.F.R. § 164.512(e)(1)(ii), (v). There is good cause to protect Ms. Ipox's medical records from disclosure, and a protective order is therefore warranted.

EHC seeks protection of additional information, and Ms. Ipox disputes the request. Ms. Ipox contends that EHC failed to timely object in responses to discovery requests and therefore has waived the right to seek a protective order. Dkt. 43 at 8. While EHC's objections may be untimely, Ms. Ipox fails to demonstrate any prejudice. Moreover, EHC's objections relate to the privacy concerns of individuals who are not parties to this matter. Therefore, this discovery dispute should also be addressed on its merits.

EHC contends that redaction of the private information of EHC's employees is proper. Dkt. 40 at 6. Specifically, EHC seeks to redact social security numbers, residential addresses and phone numbers, medical and financial information, dates of birth, and dependent information. *Id.*

First, social security numbers, taxpayer identification numbers, dates of birth, and financial account numbers constitute private information that should be redacted in filings with the Court. Fed. R. Civ. P. 5.2(a). Similar policy concerns govern the disclosure of such information in discovery. Accordingly, the Court finds good cause to grant EHC's Motion for Protective Order (Dkt. 40) insofar as EHC seeks to redact this information. To the extent that information and materials responsive to Ms. Ipox's discovery requests contain employees' personal information, EHC shall redact such personal information and disclose only the year of any employee's birth, and the last four digits of any employee's social security number, taxpayer identification number, and financial account number.

Second, EHC has failed to demonstrate good cause to redact its employees' residential addresses and telephone numbers, however. In this respect, the Court should deny EHC's Motion for Protective Order (Dkt. 40).

Third, EHC seeks a protective order "permit[ting] EHC to redact medical and mental health information related to its employees from its discovery responses." Dkt. 40 at 5. The Court previously granted a motion to compel EHC to produce "documents concerning any employee's request for time off for a serious health condition pursuant to the FMLA; policies, procedures, and comments regarding the FMLA; and all documents of leave taken." Dkt. 35 at 7. In granting the motion, the Court noted, "[I]t appears that EHC can comply with the request without the entry of a protective order" because Ms. Ipox sought only redacted information. *Id.* at 8.

EHC now contends that the Court's previous order is limited to FMLA-related medical information and that an order protecting all employee medical information is warranted. *See* Dkt. 40 at 5 n.1. Ms. Ipox does not seek information about medical conditions suffered by EHC's other employees and therefore proposes that EHC redact its employees' medical information from documents that are otherwise discoverable and maintain a log of the redacted information. Dkt. 43 at 7. This is an appropriate solution, and EHC's Motion for Protective Order (Dkt. 40) should be granted in this regard.

**D.      SUBSTANCE OF PROPOSED PROTECTIVE ORDERS**

Both parties have provided proposed protective orders that are deficient in several respects. By letter to the parties, the Court previously declined to enter a stipulated protective order providing, "This Protective Order shall survive the final termination of this action unless the parties otherwise agree in writing." Dkt. 22-2 at 6; Dkt. 24 ("Fourth, the proposed order provides that the court shall retain jurisdiction on an indefinite basis. *See* ¶ 13. Once a case is concluded, I choose not to retain jurisdiction over a collateral matter such as this."). EHC's proposed order ignores the Court's letter to the parties. *See, e.g.*, Dkt. 40-2 at 6 ("This Protective Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder."). The proposed order offered by Ms. Ipox's counsel is also inadequate. *See* Dkt. 24 at 2; Dkt. 42-2 at 2-3. The Court

therefore declines to adopt either party's proposal, and the protective orders have been redrafted.

**E.    FEES AND SANCTIONS**

Counsel for EHC seeks attorney's fees and costs incurred in moving to compel. Dkt. 38 at 9. Counsel for Ms. Ipox similarly seeks an award of attorneys' fees and sanctions. Dkt. 42 at 10. The Court must award reasonable expenses to the moving party if the party's motion to compel or for a protective order is granted unless an award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

In this case, it appears that the parties were in substantial agreement as to the need to protect Ms. Ipox's medical information and as to the redaction of certain personal information pertaining to EHC's current and former employees. It also appears that while the parties may have conferred generally about the need for a protective order and about EHC's outstanding discovery requests, this discovery dispute should have been resolved without Court intervention. The Court therefore finds that an award of expenses to either party is unwarranted and would be unjust. In this respect, Defendant's Motion to Compel (Dkt. 38) and Plaintiff's Motion for Protective Order and Attorneys' Fees (Dkt. 42) should be denied.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion to Compel (Dkt. 38) is **GRANTED in part** and **DENIED in part**, Defendant's Motion for Protective Order (Dkt. 40) is **GRANTED in part** and **DENIED in part**, and Plaintiff's Motion for Protective Order and Attorneys' Fees (Dkt. 42) **GRANTED in part** and **DENIED in part**. The Court is issuing a protective order simultaneously with this order.

1    The Clerk is directed to send uncertified copies of this Order to all counsel of
2 record and to any party appearing *pro se* at said party's last known address.
3    DATED this 7th day of October, 2008.

   _____
   ROBERT J. BRYAN
   United States District Judge

ORDER - 9